UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREA JENSEN,

    Plaintiff,

v.                                                                                    CASE NO.:

SPECIALIZED LOAN SERVICING
LLC, d/b/a COMPUTERSHARE
LOAN SERVICES, a Foreign Limited                JURY TRIAL DEMANDED
Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff Andrea Jensen ("Ms. Jensen") makes the following allegations of religious discrimination for her complaint against Defendant Specialized Loan Servicing LLC, d/b/a ComputerShare Loan Services ("Defendant ComputerShare").

### INTRODUCTION

    1.    Ms. Jensen was hired by Defendant on January 11, 2021, as a loan closer.

    2.    Ms. Jensen is a young Christian who has been striving to live according to the Bible's commands. An important component of her religious belief and attempt to mature in her Christian faith includes putting God first and living out her

faith in the way she speaks and acts, whether she is interacting with others at home, in public, or in the work arena.

3. To that end, in her email signature block, Ms. Jensen included the valediction, "In Christ." Defendant pointed out that its policy precluded any personal messages in the signature block; thus, Ms. Jensen removed the phrase from the signature block and used it instead within the body of her email. Defendant nevertheless continued to demand that she stop using the religious speech, even though other employees were permitted to include valedictions of their choice to close their emails.

4. Ms. Jensen was terminated while employed by Defendant in Jacksonville, Florida, when she refused to remove her religious speech, "In Christ," from her email communications.

5. Based on Defendant's termination of Ms. Jensen because of her religious beliefs, Ms. Jensen asserts claims of religious discrimination pursuant to Title VII and the Colorado Anti-Discrimination Act.

## JURISDICTION AND VENUE

6. Ms. Jensen has fulfilled the jurisdictional requirements of Title VII of the Civil Rights Act of 1964, and the Colorado Anti-Discrimination Act ("CADA"), Colorado Revised Statutes Section 24-34-401 *et seq.*, including filing a charge of religious discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Colorado Civil Rights Division ("CCRD"), and receiving a right

to sue letter from the EEOC, in compliance with 42 U.S.C. § 2000e-5(f)(1).  The right to sue letter is attached as **Exhibit A**.

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Ms. Jensen asserts claims arising under federal statute.  This Court further has supplemental jurisdiction over Ms. Jensen's state law claims pursuant to 28 U.S.C. § 1367.

8. This Court maintains personal jurisdiction over Defendant because Defendant's contacts with Florida and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.  Ms. Jensen worked for Defendant from her home office in Jacksonville, Florida, and was fired by Defendant while working from her home office in Jacksonville, Florida.

9. Defendant is subject to the provisions of Title VII because Defendant is engaged in commerce and employs more than fifteen employees in each of twenty or more calendar weeks in the current or preceding calendar year under 42 U.S.C. § 2000e (b).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1-2) because Defendant conducts business in this judicial district and a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

11. Plaintiff Andrea Jensen is a former employee of Defendant and resides in Jacksonville, Florida.

12. Defendant ComputerShare provides mortgage services and is registered in Delaware. Its principal office address is 6200 South Quebec Street, Greenwood Village, Colorado, 80111. The principal office for Defendant Specialized Loan Servicing LLC is 150 Royall Street, Canton, Massachusetts, 02021.

## FACTS

13. Ms. Jensen was employed by Defendant as a loan closer. Most of her email correspondence was with title companies. She did not email customers directly nor was any sort of spokesperson for Defendant. No one would have confused her for the face of the company nor her emails as communicating any sort of official company position or ideology.

14. Ms. Jensen is a Christian; she signed her emails "In Christ" because putting God first in all things and communicating her faith in actions and words are important components of her religious beliefs.

15. It would have been clear to any reasonable reader that the phrase "In Christ" in Ms. Jensen's emails reflected her personal religious beliefs and was placed there on her own accord. The phrase was not harassing, hateful, rude, or inflammatory.

16. Ms. Jensen was told by Defendant to remove the valediction "In Christ."

17. Ms. Jensen explained in an email to Defendant why signing her emails "In Christ" was part of her religious beliefs – particularly because Defendant had taken a company position directly contrary to Ms. Jensen's religious beliefs by displaying a "Pride Banner" on Defendant's website.

18. Ms. Jensen refused to remove the valediction "In Christ" and requested that she be permitted to keep the phrase as part of her email communication.

19. Defendant set up a time to meet and discuss the issue with Ms. Jensen and assured her that she would have a chance to talk. However, after Defendant made its statement to Ms. Jensen, Defendant abruptly ended the meeting and refused to let her have a chance to talk.

20. Shortly thereafter, Defendant fired Ms. Jensen for using the phrase "In Christ" as her valediction.

21. Ms. Jensen lost her income and benefits as a result of Defendant's discriminatory termination of her employment.

22. Ms. Jensen has retained Campbell Trohn Tamayo & Aranda, P.A. to represent her in this litigation and has agreed to pay a reasonable fee for the firm's services.

## COUNT I

## RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e

23. Plaintiff Andrea Jensen restates and re-alleges the allegations of paragraphs 1 through 22 above.

24. Defendant ComputerShare is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

25. Ms. Jensen is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

26. Ms. Jensen was qualified for the job at issue.

27. Under Title VII, it is an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).

28. "Religion" is defined as including "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

29. The Equal Employment Opportunity Commission defines "religious practices" to "include all moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views." 29 C.F.R. § 1605.1.

30. Employers are affirmatively required to "reasonably accommodate" an employee's religious beliefs, observances, and practices unless the accommodation

would pose an "undue hardship on the conduct of the employer's business."  42 U.S.C. § 2000e(j).  "An employer may not make an applicant's religious practice . . . a factor in employment decisions."  *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015).  "[R]eligious practice is one of the protected characteristics that cannot be accorded disparate treatment and must be accommodated."  *Id.* at 775.

31. Defendant ComputerShare violated Title VII when it terminated Ms. Jensen because of her sincerely held religious beliefs and failed to provide her a reasonable religious accommodation.

32. Defendant ComputerShare informed Ms. Jensen that she would be fired if she did not remove "In Christ" from her email signature block.  If she had removed "in Christ," her employment with Defendant would not have been terminated.

33. Defendant did not offer any accommodation.

34. In contrast, Defendant promoted religious/ideological creeds in the form of a "Pride Banner" on its website but would not permit Ms. Jensen to display her beliefs through religious speech in her email valediction.

35. Denying Ms. Jensen her opportunity to voice her religious beliefs and maintain respectful Christian practices violates Title VII.

36. Title VII demands more than "mere neutrality with regard to religious practices," requiring instead "favored treatment, affirmatively obligating employers not to 'fail or refuse to hire or discharge any individual . . . because of such individual's religious observance and practice.' "  *Abercrombie*, 575 U.S. at 775.

37. Defendant faced no hardship from accommodating Ms. Jensen's religious speech.

38. Despite any lack of hardship to Defendant ComputerShare, Ms. Jensen was terminated because she would not violate her religious beliefs by discontinuing her religious practice of signing her emails "In Christ."

39. If Ms. Jensen had set aside her religious beliefs, silenced her religious speech, and removed "In Christ," Defendant would not have fired Ms. Jensen. Thus, religion was a but-for cause of her termination.

40. In the alternative, religion was a motivating factor in Ms. Jensen's termination.

41. Defendant's refusal to permit Ms. Jensen's non-offensive, passive religious speech in the workplace and refusal to permit Ms. Jensen to have her allotted time to discuss the issue and abruptly ending the meeting before she was able to articulate her position demonstrates that Defendant's actions were willful and malicious.

42. As a direct result of Defendant's discriminatory acts, Ms. Jensen suffered a loss of employment, loss of income, loss of healthcare benefits, distress, embarrassment, inconvenience, invasion of privacy, and humiliation.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and award her the following relief:

    a. Damages representing front and back pay and all other sums of money, including retirement benefits and other employee benefits, together with interest on said amounts that Plaintiff Andrea Jensen has suffered due to Defendant ComputerShare's discriminatory acts;

    b. Compensatory damages representing Plaintiff Andrea Jensen's mental anguish, loss of dignity, and any other intangible injuries caused as a result of Defendant's discriminatory practices;

    c. Punitive damages representing Plaintiff Andrea Jensen's mental anguish, loss of dignity, and any other intangible injuries caused as a result of Defendant ComputerShare's willful and malicious acts;

    d. All costs and attorney fees incurred in litigating this action;

    e. Pre- and post-judgment interest; and

    f. Any other relief the Court deems just and proper.

## COUNT II

**RELIGIOUS DISCRIMINATION – DISPARATE IMPACT**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e**

43. Plaintiff Andrea Jensen restates and re-alleges the allegations of paragraphs 1 through 22 above.

44. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

45. Ms. Jensen is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

46. Ms. Jensen was qualified for the job at issue.

47. Under Title VII, it is an unlawful employment practice for an employer "to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(2); *see also* 42 U.S.C. § 2000e-2(k).

48. "Religion" is defined as including "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

49. Ms. Jensen has a sincerely held religious belief that "putting God first," which includes vocalizing and displaying her Christian faith (especially when presented with adverse ideologies antithetical to her religious beliefs), is important to her practice of Christianity.

50. Ms. Jensen signed her emails with "In Christ."

51. When she would not remove the religious speech "In Christ," Defendant terminated her employment.

52. However, Defendant promoted beliefs, creeds, and ideologies on its website and social media. Defendant also permitted other employees to include personal valedictions (that did not mention "Christ") in their emails.

53. Defendant violated Title VII when it placed Ms. Jensen into a disfavored class by disallowing any Christian speech or practice in the workplace, by favoring non-Christian or a-Christian speech and practice, by failing to allow Ms.

Jensen to continue signing her emails with "In Christ," and by terminating her employment.

54. Defendant could have simply granted Ms. Jensen's request for religious accommodation but refused to do so out of animosity for the expression of Christian beliefs.

55. Granting accommodations for non-religious reasons and denying accommodations for religious reasons constitutes religious discrimination in violation of Title VII.

56. Title VII demands more than "mere neutrality with regard to religious practices," requiring instead "favored treatment, affirmatively obligating employers not to 'fail or refuse to hire or discharge any individual . . . because of such individual's religious observance and practice.' " *Abercrombie*, 575 U.S. at 775.

57. Employers are affirmatively required to "reasonably accommodate" an employee's religious beliefs, observances, and practices unless the accommodation would pose an "undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

58. Ms. Jensen was terminated after she refused Defendant's efforts to force her to stop signing her emails "In Christ."

59. Ms. Jensen's termination was in violation of Title VII of the Civil Rights Act, which prohibits discrimination on the basis of religion. § 2000e-2. The Act further requires covered employers to provide reasonable accommodation to an employee's sincerely held religious beliefs. § 2000e(j).

60. Title VII prohibits Defendant ComputerShare from scrutinizing what Defendant believes to be the sincerity of Ms. Jensen's religious belief.

61. Title VII also prohibits Defendant ComputerShare from scrutinizing whether Ms. Jensen's exercise of her beliefs is logical or as consistent as Defendant believes they should be.

62. Defendant's refusal to permit Ms. Jensen's non-offensive, passive religious speech in the workplace and refusal to permit Ms. Jensen to have her allotted time to discuss the issue and abruptly ending the meeting before she was able to articulate her position demonstrates that Defendant's actions were willful and malicious.

63. As a direct result of Defendant's discrimination against Ms. Jensen's Christian religious beliefs, Ms. Jensen suffered a loss of employment, loss of income, loss of healthcare benefits, distress, embarrassment, inconvenience, invasion of privacy, and humiliation.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and award her the following relief:

> a. Damages representing front and back pay and all other sums of money, including retirement benefits and other employee benefits, together with interest on said amounts that Plaintiff Andrea Jensen has suffered due to Defendant's discriminatory acts;

b. Compensatory damages representing Plaintiff Andrea Jensen's mental anguish, loss of dignity, and any other intangible injuries caused as a result of Defendant ComputerShare's discriminatory practices;

c. Punitive damages representing Plaintiff Andrea Jensen's mental anguish, loss of dignity, and any other intangible injuries caused as a result of Defendant ComputerShare's willful and malicious acts;

d. All costs and attorney fees incurred in litigating this action;

e. Pre- and post-judgment interest; and

f. Any other relief the Court deems just and proper.

## COUNT III

### RELIGIOUS DISCRIMINATION IN VIOLATION OF THE COLORADO ANTI-DISCRIMINATION ACT

64. Plaintiff Andrea Jensen restates and re-alleges the allegations of paragraphs 1 through 22 above.

65. This is an action against Defendant ComputerShare pursuant to the Colorado Anti-Discrimination Act, Colorado Revised Statutes Section 24-34-401 *et seq*.

66. Defendant is an "employer" within the meaning of C.R.S. 24-34-401(3).

67. Ms. Jensen is an "employee" within the meaning of C.R.S. 24-34-401(2).

68. Ms. Jensen was qualified for the job at issue.

69. Defendant ComputerShare discriminated against Ms. Jensen with regard to the term, conditions, and privileges of her employment because of Ms. Jensen's protected activity related to her religious beliefs, in violation of Colorado Revised Statutes 24-34-402 and 24-34-402.3.

70. Defendant ComputerShare denied Ms. Jensen's request for a religious accommodation.

71. Defendant ComputerShare permitted employees to sign their emails with non-religious salutations.

72. However, Defendant terminated Ms. Jensen because she requested a religious accommodation.

73. Defendant's refusal to permit Ms. Jensen's non-offensive, passive religious speech in the workplace and refusal to permit Ms. Jensen to participate in the meeting regarding her email signature demonstrates that Defendant's actions were willful and malicious.

74. As a direct result of Defendant's discriminatory acts, Ms. Jensen suffered a loss of employment, loss of income, loss of healthcare benefits, distress, embarrassment, inconvenience, invasion of privacy, and humiliation.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and award her the following relief:

    a. Damages representing front and back pay and all other sums of money, including retirement benefits and other employee benefits,

      together with interest on said amounts that Plaintiff Andrea Jensen has suffered due to Defendant's discriminatory acts;

b. Compensatory damages representing Plaintiff Andrea Jensen's mental anguish, loss of dignity, and any other intangible injuries caused as a result of Defendant's retaliatory practices;

c. Punitive damages representing Plaintiff Andrea Jensen's mental anguish, loss of dignity, and any other intangible injuries caused as a result of Defendant's willful and malicious acts;

d. All costs and attorney fees incurred in litigating this action;

e. Pre- and post-judgment interest; and

f. Any other relief the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff Andrea Jensen demands trial by jury on all issues so triable.

Respectfully submitted December 2, 2022.

                              CAMPBELL TROHN
                              TAMAYO & ARANDA, P.A.

                              /s/ Jennifer Vasquez
                              JENNIFER VASQUEZ
                              Fla. Bar No. 71942
                              ROBERT ARANDA
                              Fla. Bar No. 988324
                              P.O. Box 2369
                              Lakeland, FL 33806
                              Tel: (863) 686-0043
                              Fax: (863) 616-1445
                              j.vasquez@cttalaw.com
                              r.aranda@cttalaw.com
                              ATTORNEYS FOR PLAINTFF